**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 27 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ALINE WILLIAMS,

    Petitioner-Appellant,

v.

NEVILLE MASSIE; DREW
EDMONDSON, Attorney General of
the State of Oklahoma,

    Respondents-Appellees.

No. 00-6087

No. 00-6103

(D.C. No. CIV-99-439-A)

(W.D.Okl.)

---

**ORDER AND JUDGMENT** *

---

Before **SEYMOUR** , Chief Judge, **EBEL** and **BRISCOE,** Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Aline Williams appeals the district court's denial of her 28 U.S.C. § 2254

---

*This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

petition for habeas corpus relief. [1]   We deny Williams a certificate of appealability, deny leave to proceed on appeal in forma pauperis, and dismiss the appeal.

I.

In 1997, Williams was convicted in Oklahoma state court of robbery, in violation of Okla. Stat. tit. 21, § 791.  The district court sentenced Williams to 65 years' imprisonment because she had two or more prior felony convictions. Williams appealed to the Oklahoma Court of Criminal Appeals, arguing (1) she was denied an impartial jury because a robbery detective was a juror; (2) the trial court erred in giving a jury instruction on flight; and (3) the sentence imposed was excessive.  The court summarily affirmed Williams' conviction and sentence.

Williams filed an application for post-conviction relief in state district court, alleging (1) there was insufficient evidence to convict her of robbery; (2) her rights were violated by the Oklahoma Court of Criminal Appeals granting the state an extension of time to file its brief in her direct appeal; (3) she was denied her right to an impartial jury because a robbery detective and an individual who knew a prosecution witness were jurors; and (4) she received ineffective

---

[1]   Although docketed under two cases numbers, both cases concern the district court's denial of Williams' § 2254 petition.  Case No. 00-6087 is the appeal on the merits; case No. 00-6103 is the appeal from the district court's denial of the certificate of appealability.

2

assistance of trial and appellate counsel. The court concluded Williams was barred from raising the issues because she could have raised them on direct appeal. The court further concluded the claims of ineffective assistance of counsel were without merit and denied post-conviction relief. The Oklahoma Court of Criminal Appeals affirmed the denial.

In March 1999, Williams filed her § 2254 habeas petition in federal district court, arguing (1) she was denied an impartial jury because one of the jurors was a robbery detective; (2) the trial court erred in giving a jury instruction on flight; (3) the sentence imposed was excessive; (4) there was insufficient evidence to convict her of robbery; and (5) she was denied an impartial jury because one of the jurors knew a prosecution witness. The magistrate judge concluded Williams' first three claims were raised in her direct appeal and she had not shown the court's decision involved an unreasonable application of clearly established United States Supreme Court precedent or resulted in a decision based on an unreasonable determination of the facts. The magistrate found that claims four and five were procedurally barred because Williams failed to demonstrate cause for failure to raise them in state court or that actual prejudice resulted. Over Williams' objections, the district court adopted the magistrate's report and denied the petition.

II.

On appeal, Williams argues (1) she received ineffective assistance of counsel because her attorney recommended keeping a robbery detective on the jury; and (2) she was denied a fair and impartial trial because a robbery detective and an individual who knew a prosecution witness were jurors. [2] In reviewing the denial of habeas relief, we review the district court's factual findings under a clearly erroneous standard and its legal conclusions de novo. Rogers v. Gibson, 173 F.3d 1278, 1282 (10th Cir. 1999), cert. denied, 120 S. Ct. 944 (2000). Section 2254(d) provides that a petitioner in the custody of a state court shall not be granted habeas relief

> with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

See Williams v. Taylor, 120 S. Ct. 1495, 1506-08 (2000) (clarifying § 2254(d) standard of review).

We review Williams' claim of ineffective assistance of counsel de novo.

---

[2]Williams also argues the district attorney, her attorney, and two jurors went into chambers outside her presence. Williams did not present this argument to the district court and we will not consider it on appeal. See Smith v. Secretary of New Mexico Dept. of Corrections, 50 F.3d 801, 814 n.22 (10th Cir. 1995) (noting that in the absence of extraordinary circumstances we will not consider issues not raised in the district court for the first time on appeal).

4

See Boyd v. Ward, 179 F.3d 904, 913 (10th Cir. 1999), cert. denied by Boyd v. Gibson, 120 S. Ct. 1188 (2000). To establish ineffective assistance of counsel, Williams must "prove that counsel's performance was constitutionally deficient and that counsel's deficient performance prejudiced the defense." Id. (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). Williams must overcome the presumption that counsel's conduct was constitutionally effective. Id. at 914.

Defense counsel did not challenge the prospective juror for cause and affirmatively acquiesced in the seating of the juror. Defense counsel stated on the record that she had advised Williams that one of the prospective jurors was a detective in the robbery division, and Williams stated on the record that she agreed with defense counsel's decision to retain the juror on the panel. The magistrate noted that defense counsel was faced with the difficult decision of whether to exercise a peremptory challenge on the detective or another potential juror who also had law enforcement ties and who had served as a witness for the State in a murder trial. The trial court questioned the detective about whether he could be impartial and determined that he could. The trial court asked the jury panel after verdict whether anyone knew the juror was a detective; the one juror who responded in the affirmative stated that such knowledge did not affect his decision in the case. Williams has failed to show that she was prejudiced by the

5

detective remaining on the jury.

Williams also claims her Sixth Amendment and due process rights to an impartial jury were violated by the detective and an individual who knew a prosecution witness serving on the jury. To establish a constitutional violation, Williams "'must demonstrate either that the trial resulted in actual prejudice or that it gave rise to a presumption of prejudice because it involved "such a probability that prejudice will result that it is deemed inherently lacking in due process."'" Lucero v. Kerby, 133 F.3d 1299, 1308 (10th Cir. 1998) (quoting Brecheen v. Reynolds, 41 F.3d 1343, 1350 (10th Cir. 1994) (quoting Estes v. Texas, 381 U.S. 532, 542-43 (1965))). "Absent evidence to the contrary, we presume that jurors remain true to their oath and conscientiously observe the instructions and admonitions of the court." Id. at 1309 (quotation omitted). Williams has presented no evidence that either of the jurors was biased or that she was prejudiced by their serving on the jury. The evidence against Williams was substantial. When Williams was apprehended, she had the victim's money. Williams did not deny that she took the money; she contended only that she did not take the money directly from the victim. We conclude Williams has not shown a constitutional violation warranting federal habeas relief and base that conclusion on substantially the same rationale as set forth in the magistrate's report and recommendation filed November 29, 1999.

6

III.

We DENY Williams a certificate of appealability, DENY leave to proceed on appeal in forma pauperis, and DISMISS the appeal. The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge